IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES OTIS TOWNS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-12-1062-D |
| v. | ) | |
| | ) | |
| TERRY MARTIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

On September 24, 2012, Petitioner, a state prisoner appearing *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  The Petition asserts a challenge to Petitioner's convictions entered in the District Court of Logan County, Case No. CF-2008-81.  Respondent has answered the Petition and filed the relevant state court records.

Respondent filed a Notice on this date advising the Court that Mr. Towns died in custody. (Doc. # 14).  Respondent has attached to the Notice a copy of a memorandum from the Medical Services Administrator of the Oklahoma Department of Corrections ("ODOC") informing ODOC Director Jones that Mr. Towns died on March 14, 2013, while in custody.

The instant 28 U.S.C. § 2254 Petition, which sought Petitioner's release from confinement, does not survive his death. See Farmer v. McDaniel, 692 F.3d 1052 (9th Cir.

1

2012)(where court was notified of inmate's death during pendency of appeal from district court's denial of habeas petition, court held case was moot and remanded case to district court for dismissal of habeas petition as moot); Griffey v. Lindsey, 349 F.3d 1157 (9th Cir. 2003)(holding habeas petitioner's death rendered appeal of denial of habeas petition moot and remanding to district court for dismissal of petition as moot); Himman v. McCaughtry, 14 F.3d 350 (7th Cir. 1994)(holding habeas petitioner's death during pendency of appeal rendered case moot; vacating district court judgment and remanding with instructions to dismiss case as moot); Knapp v. Baker, 509 F.2d 922 (5th Cir. 1975)(*per curiam*)(same); Hann v. Hawk, 205 F.2d 839, 839-840 (8th Cir. 1953)(same). See also United States ex rel. Schwartz v. Lennox, 320 F.Supp. 754, 755-756 (D.C.Pa. 1971)(holding "writ of habeas corpus lies to enforce rights of personal liberty," and therefore habeas petition, which sees to enforce personal rights, does not survive petitioner's death). Consequently, the Petition should be dismissed with prejudice due to Petitioner's death during pendency of this action.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED with prejudice due to Petitioner's death during pendency of this action. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by      April 9th     , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation

would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this     20th     day of    March    , 2013.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE